UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

**CHARLES LAMONT HAIRSTON**          **CIVIL ACTION NO. 2:10-CV-1339**
**FED. REG. #23159-057**

**VS.**          **SECTION P**

         **JUDGE MINALDI**

**JOSEPH P. YOUNG**          **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is the *pro se habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on August 24, 2010 by petitioner, Charles Lamont Hairston. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). Petitioner names FCIO Warden J.P. Young as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

Pursuant to a plea agreement, petitioner plead guilty to distribution of crack, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(A)(II). On February 8, 2007, he was sentenced to 120 months incarceration, 5 years supervised release, and a $100.00 special assessment.[1]

On July 12, 2010, Hairston filed an application for leave to file a second or successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 petition with the U.S.

---

[1] *United States of America v. Hairston,* 1:06-cv-307, United States District Court, Middle District of North

1

Court of Appeals, Fourth Circuit.[2] On or about August 9, 2010, the Fourth Circuit denied petitioner's motion as unnecessary, stating that permission is required only when a movant seeks to file a second or successive §2255, and that Hairston had not previously filed a §2255 in the district court.[3]

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 on August 24, 2010. He raises one ground in his petition: that his sentence and conviction are illegal and should be vacated because they were imposed based upon a fraud upon the court. This claim is based on the fact that the Assistant United States Attorney who prosecuted his case, David P. Folmar, Jr., was not properly licensed to practice law at the time. In fact, his license was suspended for failure to keep current with the Continuing Legal Education requirements of the North Carolina State Bar.[4]

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. He implies that the sentence imposed by the United States District Court for the Middle District of North Carolina is unlawful.

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

---

Carolina (Docs. 12 & 19).
[2] *In re: Charles Lamont Hairston, 10-218,* U.S. Court of Appeals, Fourth Circuit.
[3] *Id.;* Doc. 1, At.. 2, p.16.
[4] Doc. 1, Att. 2, pp. 6-14.

Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a Motion to Vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>but only</u> if they satisfy the §2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 22559(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 903. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a previous Motion to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378

(5th Cir. 2003).

## *Conclusion and Recommendation*

Considering the forgoing,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 31st day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE